**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NORMA GARCIA on behalf of herself and others similarly situated,

Plaintiffs,

-against-

ARIEH YEMINI and SONIC CAR WASH & LUBE, INC.,

Defendants.

**Case No. 2:26-cv-2007**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**
**RULE 23 CLASS ACTION**

Plaintiff NORMA GARCIA on behalf of herself, and others similarly situated current and former and current employees of Defendants (the "Class") and those who elect to opt into this action (the "FLSA Collective Plaintiffs") complaining of the Defendants ARIEH YEMINI ("YEMINI") and SONIC CAR WASH & LUBE, INC. (the "CORPS.") herein, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, the Class, and the FLSA Collective Plaintiffs, that they are entitled to, under 29 U.S.C. § 201 *et seq*. ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

2. Plaintiff further alleges, *inter alia*, that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq*., and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 (collectively "NYLL") from Defendants: (i) unpaid wages for overtime work performed, (ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours, (iii) liquidated damages for failure to pay overtime premium and spread of hours pay, (iv) liquidated

damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring, (v) attorneys' fees, (vi) interest, and (vii) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3. Venue is proper as Defendants conduct business in Nassau County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

***Plaintiff***

4. Plaintiff resides in NASSAU County, New York.

***Defendants***

5. The CORP. is a domestic corporation organized and existing under the laws of State of New York with can address at 404 Peninsula Blvd., Hempstead, NY 11550.

6. The CORP. is a car wash, mechanical, and automobile detail center.

7. ARIEH resides at 179 Alden Road, Woodmere, NY 11598 and/or 179 Alden Road, Hewlett Neck, NY 11598.

8. ARIEH is a member of 404 PENINSULA, LLC.

9. ARIEH is a shareholder and/or agent of the CORP.

10. ARIEH is the principal of the CORP.

11. ARIEH is a manager of the CORP.

12. Upon information and belief, ARIEH is: an officer, owns, is a majority shareholder, an agent of, manager of, has active control of the CORP., has operational control of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORP., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORP., determined employee salaries, made hiring decisions, maintains the employee records of the CORP., acts directly and indirectly for and in the interest of the CORP., hires and fires employees thereof

13. ARIEH exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under N.Y. Lab. Law § 190(3).

14. The CORPS. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

15. Defendants were in charge of hiring Plaintiffs.

16. Defendants decided the job duties that Plaintiffs perform.

17. Defendants determined Plaintiffs' hourly rate of pay.

18. Defendants determined Plaintiffs' work schedule.

19. Defendants determined the number of hours that Plaintiffs worked.

20. Defendants managed Plaintiffs' employment, including the amount of overtime that they worked each workweek.

21. Defendants supervised and controlled the conditions of Plaintiffs' employment.

22. Defendants maintained Plaintiffs' employment records.

23. Defendants have dictated, controlled, and ratified the wage and hour and related employee compensation policies.

24. Defendants were aware of Plaintiffs' work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

25. At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

27. At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

28. At all relevant times, they were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

30. At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

31. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

32. The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as her own interest in bringing this action.

**CLASS ACTION ALLEGATIONS**

33. Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, and/or CPLR 901 and 902, on behalf of all non-exempt

persons employed by Defendants at any New York location on or after the date that is six years and 228 days before the filing of the Complaint in this case as defined herein (the "Class Period").

34. All said persons, including Plaintiffs, who are in the Class are referred to herein as the Class members. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

35. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

36. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

37. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously

represented plaintiffs in wage and hour cases.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

39. Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

40. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Plaintiffs and the Class are non-exempt from entitlement to overtime compensation for all hours worked, including those in excess of 40 hours per week;

b) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c) Whether Defendants failed to pay Plaintiffs and the Class minimum wage, paid for all time worked, and overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq*. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d) Whether Defendants failed to pay Plaintiffs and the Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

e) Whether Defendants failed to provide Plaintiffs and the Class breaks and meal periods in violation of NYLL sect. 162(4);

f) Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

g) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

h) Whether Defendants failure to pay Plaintiffs and the Class proper pay, minimum wage, and overtime compensation for all hours worked in excess of forty (40) hours per week was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

**STATEMENT OF FACTS**

41. NORMA was employed by Defendant as a car washer and car detailer from February 2, 2025 to January 2026. She generally worked about 65 to 70 hours a week.

42. NORMA was paid a weekly wage rate of $950, consisting of $600 by check and $350 in cash.

43. The hours depicted on NORMA's paystubs were false, as they failed to account for all the time he worked or wages paid. Her paystubs typically indicate 40 hours worked exactly.

44. Defendants did not accurately record or report the hours Plaintiffs worked and the paystubs they provided to Plaintiffs are false.

45. The cash portions of Plaintiff's pay did not contain withholds for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare and were not included in their wages reported to the IRS under Form W-2 by Defendants.

46. With respect to the cash portions of Plaintiffs' pay, Defendants failed to provide a pay statement containing gross and net wages, itemized deductions, and/or itemized allowances. Accordingly, upon information and belief, Defendants failed to properly pay the payroll taxes for those cash payments to Plaintiffs like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI). As such, Plaintiffs are injured because their social security and other benefits are depressed by Defendants failure to pay employer side taxes on all cash payments.

47. Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

48. While Plaintiffs and Class Members, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for the

overtime hours worked.

49. Also, Plaintiffs and Class Members, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

50. When Defendants hired Plaintiffs and Class Members, they never furnished them with a notice in their native language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

51. Defendants never paid Plaintiffs and Class Members, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

52. Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights, and employee rights by the NYLL.

53. During all relevant times, Defendants failed to maintain accurate and sufficient records of those hours Plaintiffs worked and those wages paid to them.

54. Upon information and belief, Defendants paid Plaintiffs for most of their hours at straight pay but failed to pay Plaintiffs for all hours worked.

55. Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

56. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of service charges in the nature of gratuities, as required under 12 NYCRR § 146-2.

57. By the foregoing reasons, Defendants are liable to Plaintiffs, and the Class, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and liquidated damages.

58. By the foregoing reasons, Defendants have violated Labor Law § 190 *et seq*. and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

59. Defendants committed the following acts against Plaintiffs and members of the Class knowingly, intentionally and willfully.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiff on Behalf of Herself,**
**the FLSA Collective Plaintiffs, and the Class)**

60. Plaintiff, on behalf of herself, and the Class reallege and incorporate by reference all previous paragraphs.

61. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

62. At all relevant times, Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and Class plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

63. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rate of one and a half times the federal minimum

wage for hours worked in excess of forty (40) hours per workweek.

64. Plaintiff, on behalf of herself and the Class seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Lab. Law Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiff on Behalf of Herself and the Class)**

65. Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

66. Defendants willfully violated Plaintiffs' rights by failing to pay them, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §142-2.2.

67. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Lab. Law Notice Requirements)**
**(N.Y. Lab. L. §§195,198 Brought by Plaintiff on Behalf of Herself and the Class)**

68. Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein

69. Defendants failed to furnish to Plaintiffs at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

70. Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiff and the Class, are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

**FOURTH CLAIM FOR RELIEF**
**(New York Lab. Law Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 142-2.3**
**Brought by Plaintiff on Behalf of Herself and the Class)**

71. Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

72. Defendants paid Plaintiffs, and the Class, wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3).

73. Additionally, Defendants are required to keep records for six years, which must include accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

74. Despite its obligations, Defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 142.

75. Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**FIFTH CLAIM FOR RELIEF**
**(New York Lab. Law State Minimum Wage Act)**
**(New York Labor Law §§ 650 et seq. Brought by Plaintiffs on Behalf of Herself and the Class)**

76. Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein

77. At all relevant times, Defendants employed Plaintiff within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 142.

78. Defendants knowingly paid the Plaintiff less than the NYS minimum wage.

79. Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

80. Defendants' failure to pay Plaintiff the New York minimum wage was willful.

81. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, an amount to be determined at trial, pre- and post- judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law §§ 198 and 663.

**SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions)**
**(N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a), Brought by Plaintiffs on Behalf of Herself and the Class)**

82. Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

83. Plaintiffs and the Class regularly had workdays that lasted more than ten (10) hours.

84. Defendants willfully and intentionally failed to compensate Plaintiffs and the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations.

85. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SEVENTH CLAIM FOR RELIEF**
**(Civil Damages for Fraudulent Filing of Returns)**
**(U.S. Code § 7434, Brought by Plaintiffs on Behalf of Themselves, Collective Plaintiffs and the Class)**

86. Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

87. Defendants paid Plaintiffs, in cash, "off the books" without a check or paystub. Such "off the book" cash payments failed to mandatorily withhold for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare, and Defendants failed to properly pay the payroll taxes (employer expenses) for those cash payments like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation, Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

88. Defendants are required to report all wages paid to employees to the IRS, and furnish each employee an IRS Form W-2 indicating those wages Defendant reported to the IRS for that employee. Defendants are then required to file Form W-3 (Transmittal of Income and Tax Statements) which list the employee information provided in Form W-2. The W-3 is initially filed with the Social Security Administration, who forwards it to the IRS. The IRS verifies the accuracy of the W-3 with the W-3's and provides a reconciliation of the quarterly tax payments for the year.

89. Defendants are also required to file their quarterly taxes with NY State (NYS-45 or

NYS-45-ATT) and the IRS (Form 941) indicating all employee wages paid. Defendants are required to list each employee and indicate their wages paid on their yearly tax returns – those wages listed must align with the W-2's issued.

90. The wages Defendants paid "off the book" in cash to Plaintiffs were not included in the wages identified in the IRS Tax Form W-2. Defendants knew they made cash payments to Plaintiffs and further knew those payments should have been included on the W-2's issued to Plaintiffs and reflected on Defendants income tax returns. Accordingly, Defendants filed income tax returns, and those W-2's and W-3's filed thereto, they knew to be false, as those returns contained false statements.

91. Plaintiffs were deprived of such benefits of having their correct wages reported, like being fully enfranchised, having the benefit of full employer-side social security and unemployment benefits. Accordingly, Defendants have fraudulently and willfully engaged in the above conduct and are therefore liable to Plaintiffs thereof.

## DEMAND FOR TRIAL BY JURY

Plaintiff and the Class demand a trial by jury on all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Court grant as relief the following:

a. To designate this action as a class action and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

b. Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

c. Awarding all unpaid compensation due under the FLSA and NYLL;

d. Awarding Plaintiffs liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under the FLSA;

e. Awarding Plaintiffs an award of unpaid minimum wage, overtime, and spread of hours, under the N.Y. Lab. Law;

f. Awarding Plaintiffs liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, and spread of hours under the N.Y. Lab. Law;

g. Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

h. Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

i. Awarding Plaintiffs damages for Defendants filing of false tax returns;

j. Awarding Plaintiffs pre-judgment interest;

k. Awarding Plaintiffs post-judgment interest;

l. Awarding Plaintiffs attorney's fees and costs;

m. Awarding Plaintiffs damages for all causes of action asserted herein; and

n. Granting such other and further relief as this Court deems just and proper.

Dated: April 3, 2026

By: /s/
Marcus Monteiro
mmonteiro@mflawny.com
GetOvertimePay.com
**MONTEIRO & FISHMAN LLP**
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
Facsimile: (516) 280.4530
*Attorneys for Plaintiff and Class Plaintiffs*